CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 3 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID PAUL JONES, # 760784,<br>    Plaintiff, | Civil Action No. 7:05cv00266 |
| v. | **MEMORANDUM OPINION** |
| PITTSYLVANIA COUNTY JAIL,<br>    Defendant. | By: Jackson L. Kiser<br>Senior U.S. District Judge |

Plaintiff David Paul Jones, # 760784, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, plaintiff alleges that while incarcerated at the Pittsylvania County Jail, he slipped and fell while entering the shower facilities and was thereafter denied adequate medical treatment and was victim to correctional officers' practical joke. As relief, Jones seeks monetary damages. After reviewing his complaint, I am of the opinion that Jones has failed to raise any claim of constitutional magnitude. Accordingly, I find that all his allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

I. **Claims and allegations**

Jones alleges that on an unspecified date, while entering the institutional showering facilities, he slipped and hit his head. As a result he suffered a laceration on his head and rib pain. Jones admits that after the fall he gave correctional officers permission to shave the area of his head in which the laceration was located, but then alleges that the officer shaved a "stripe" the length of his head thereby requiring him to shave his entire head. In any event, Jones admits that an institutional medical officer then examined the wound and determined that it did not require sutures, but did add

him to the physician check list for the following day. Jones further admits that the following day he was seen by an institutional physician who affirmed that no sutures were required, ordered x-rays to determine the extent of any injury to his ribs, and prescribed an over-the-counter pain medication. The first x-rays were unclear, so a second set was taken; those x-rays were negative and revealed only bruised ribs. The pain medication was thereafter terminated. Subsequently, Jones alleges that he began to suffer back spasms as a result of the fall. Jones again admits that he was examined by the institutional physician, was treated with acupressure and heat therapy, and prescribed pain medication.

II. **Analysis**

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

As a threshold matter, the Pittsylvania County Jail is not a state actor in itself and therefore, is not a proper defendant in a §1983 action. However, even if plaintiff was given an opportunity to amend to name a proper state actor, he would still not be entitled to relief because he fails to allege any injury or ongoing constitutional violation for which relief is warranted.

2

### A. Negligence

To the extent that Jones's claims that correctional officers' negligence as to the potentially dangerous conditions in the showering facilities constitutes cruel and unusual punishment under the Eighth Amendment, it must fail.

Generally, to state a claim under the Eight Amendment for cruel and unusual living conditions, plaintiff must allege sufficient facts to show that the challenged conditions objectively amount to a deprivation of a basic human need, and that, subjectively, prison officials acted with deliberate indifference toward an excessive risk to inmate health or safety. Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991). To satisfy the objective element of an Eighth Amendment claim of dangerous prison conditions, plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the alleged conditions. Strickler v. Waters, 989 F.2d 1375, 1380 (4th Cir. 1993). To meet the subjective element of such a claim, plaintiff must demonstrate that the defendant officials were aware of facts from which they could draw the inference that a significant risk of harm existed and that they, in fact, drew such an inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff must then show that the defendant officials disregarded such a risk by failing to take "reasonable measures" to alleviate the danger. Id. at 832.

Plaintiff has presented no facts to show that the alleged condition at issue here, the lack of a shower mat or water on the floor, amounted to or caused a deprivation of any basic human need. Moreover, plaintiff's complaint is devoid of any evidence to show that the defendant had any knowledge that there was water on the floor. Thus, plaintiff cannot demonstrate that the defendant acted with deliberate indifference toward any risk to his health or safety.

3

magnitude. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**B.     Denial of adequate medical treatment**

In his complaint Jones alleges that the defendant subjected him to cruel and unusual punishment in violation of the Eighth Amendment by failing to provide adequate medical treatment for his laceration and rib and back pain.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). "'A serious medical need' is 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Shelton v. Angelone, 183 F.Supp.2d 830, 840 (W.D.Va. 2002) (quoting Cox v. District of Columbia, 834 F.Supp. 439, 441 (D.D.C. 1992). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment generally does not state a cognizable constitutional claim under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Mere malpractice or negligence in treatment does not amount to a claim of constitutional significance. Estelle, 429 U.S. at 105-06.

4

Estelle, 429 U.S. at 105-06.

In his complaint Jones alleges that the defendant denied him the medical care necessary to treat his injuries. However, it is obvious Jones was not denied any medical treatment. Jones admits that he was examined by medical personnel on numerous occasions regarding his injuries. He further admits that two sets of x-rays were taken to determine the extent of his injuries, he was treated with acupressure and heat therapy for lingering pain, and was prescribed pain medication.

Accordingly, it is apparent from Jones's admissions that he received prompt and thorough medical care for his injuries. Jones merely disagrees with the diagnosis and treatment. However, he has not provided any evidence beyond his own assertions that his laceration required sutures or that any other treatment was necessary. Accordingly, Jones's demand for additional treatment and sutures amounts to a mere difference between the opinions of the medical staff and patient as to the proper course of treatment.

Additionally, to the extent that Jones believes that the defendant has failed to recognize or treat his medical needs, such disagreement does not rise to the level of a federal constitutional violation. Rather, such a claim would arise, if at all, under state medical malpractice laws and does not present a colorable claim under § 1983. See Estelle, supra, at 105-106.

As such, I find that Jones has failed to state a viable § 1983 claim and these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### C. Practical Joke

To the extent that Jones's claim that a correctional officer improperly shaved a portion of his head can be construed as a claim that he was subjected to excessive force in violation of his Eighth

protects individuals against excessive prison sentences, as well as inhumane treatment and excessive force while imprisoned. See U.S. Const. amend. VIII. To establish an Eighth Amendment excessive force claim against a prison official, an inmate must satisfy a two-prong standard comprised of both an objective inquiry (whether the harm plaintiff suffered was sufficiently serious enough to amount to a constitutional violation) and a subjective inquiry (whether the defendant acted with a sufficiently culpable state of mind). Williams v. Benjamin, 77 F.3d 756, 761 (1996).

The subjective component of an excessive force claim requires an inmate to demonstrate that the force used by an institutional official, "inflicted unnecessary and wanton pain and suffering." Hudson v. McMillian, 503 U.S. 1, 7 (1992). In evaluating such a claim, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Id. (quoting Whitley v. Albers, 475 U.S. 312, 32-21 (1986)). The Supreme Court and the Fourth Circuit have set out the following factors to consider in determining whether a prison official acted maliciously and sadistically: "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Hudson, 503 U.S. at 7 (1992) (quotations omitted); Williams, 77 F.3d at 762. Also, the inmate must prove the correction official's actions were "'objectively harmful enough' to offend 'contemporary standards of decency.'". Stanley v. Hejirika, 134 F.2d 629, 634 (4th Cir. 1998) (quoting Hudson, 503 U.S. at 8). Although there is no requirement that an inmate suffer "serious" or "significant" pain or injury to demonstrate that a malicious or sadistic use of force was employed, he must allege "more than a de minimis pain or injury." Norman v. Taylor, 25 F.3d 1259,

6

1263 n. 4 (4th Cir. 1994). "[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998). However, a de minimis physical injury may amount to an Eighth Amendment violation if the force used was of the sort "repugnant to the conscience of mankind." In Norman v. Taylor, the Fourth Circuit stated:

> We recognize that there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in an impermissible infliction of pain. In these circumstances, we believe that either the force used will be "of a sort 'repugnant to the conscience of mankind,'" and thus expressly outside the de minimis force exception, or the pain itself will be such that it can properly be said to constitute more than de minimis injury.

25 F.3d at 1263, n. 4 (citations omitted).

In this instance, Jones alleges that a correctional officer shaved a "stripe" in his head without his permission. However, he has failed to present any allegations of actual or long term injury. Jones only claims that he thereafter had to shave his entire head to avoid looking ridiculous. Accordingly, I find that Jones has not suffered any injury whatsoever.

Furthermore, even if plaintiff had suffered something more than de minimis injury, such injury would not have been the result of action repugnant to the conscience of mankind. To meet the subjective component of an excessive force claim, Jones must demonstrate that the force used against him was not applied in a good faith effort to restore order, but rather with malice as a punitive measure in an effort to cause him harm. See Whitley, 475 U.S. at 320-21. From his

complaint, it is clear that Jones gave correctional officers permission to shave a portion of his head. Although Jones may have been unhappy with the resultant hair cut, he has failed to allege facts to show such a cut was repugnant to the conscience of mankind. As such, I find that he has failed to allege sufficient facts to satisfy the objective component of an excessive force claim.

As noted previously, Jones has failed to allege facts sufficient to prove the objective and subjective elements of an excessive force claim. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### III. Conclusion

Based on the foregoing, I find that Jones has not presented any claims on which relief can be granted. Accordingly, I will dismiss the complaint without prejudice.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 3rd day of May, 2005.

/s/ Jackson L. Kiser
Senior U.S. District Judge